FILED
SALINE COUNTY
CIRCUIT CLERK

2021 APR -5 PM 2: 10

## IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
### ___2___ DIVISION

**NED CAUFFIEL**                      **PLAINTIFF**

v.        NO. 63CV-21-281-2

**COVENANT TRANSPORT, INC. and**
**EYOBEL ABRAHA**                **DEFENDANTS**

## COMPLAINT

### Introduction

1. This case arises from a wreck caused by Eyobel Abraha, who was acting as an agent or employee of Covenant Transport, Inc., while operating a tractor-trailer on February 10, 2021, on Highway 167 North, in Grant County, Arkansas, making deliveries to Dollar General stores. Abraha's negligent acts described herein forced a pickup truck driven by Ned Cauffiel off the highway. The pickup truck rolled and crashed, injuring Ned and his passenger. Abraha left the scene of the wreck, was located by police later that day, and acknowledged being aware of the wreck.

### Parties

2. Ned Cauffiel ("Ned") is a citizen of Arkansas and was a resident of Saline County, Arkansas, at the time of the wreck.

3. Covenant Transport, Inc. ("Covenant") is a corporation organized by Tennessee with its principal place of business in Tennessee. Per the records of the Arkansas Secretary of State, this defendant may be served with process as shown below:

> Covenant Transport, Inc.
> c/o Corporation Service Company
> 300 Spring Building, Suite 900



EXHIBIT 1

1

300 S. Spring Street
Little Rock, AR 72201

4.      Eyobel Abraha ("Abraha") is a citizen of Texas and was a resident of Texas at the time of the wreck. Per his driver/witness statement provided to the Arkansas State Police, this defendant may be served with process at his residence shown below:

Eyobel Abraha
4701 Creekview Lane
Balch Springs, TX 75120

**Jurisdiction & Venue**

5.      Jurisdiction is proper under Ark. Code Ann. § 16-13-201(a) and the Arkansas Constitution, Amendment 80, § 6(A), each of which state that circuit courts shall have original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution. This is a justiciable matter not otherwise assigned pursuant to the Arkansas Constitution.

6.      Venue is proper in Saline County under Ark. Code Ann. § 16-60-101(a)(3)(A) because the plaintiff resided in Saline County at the time of the event or omission giving rise to the cause of action.

**Facts**

7.      On February 10, 2021, on Highway 167 North, near a Dollar General store in Grant County, Arkansas, Abraha was driving a tractor-trailer and acting within the course and scope of his agency or employment with Covenant, making deliveries to Dollar General stores.

8.      Abraha attempted to make a u-turn in the tractor-trailer from the east shoulder of the highway to travel south.

9.      Before doing so, Abraha failed look out for oncoming traffic and recognize that Ned was traveling north on the highway in a Ford pickup truck with a passenger.

2

10. Abraha drove his tractor-trailer across all four lanes of the highway, blocking travel on the highway.

11. Abraha forced Ned's pickup truck off the highway.

12. Ned's pickup truck rolled and crashed.

13. Ned and his passenger exited the pickup truck and were injured.

14. Abraha left the scene of the wreck.

15. The investigating state trooper issued a BOLO ("be on the lookout") by radio transmission for Abraha's tractor-trailer.

16. The Sheridan Police Department located Abraha and his tractor-trailer at a Dollar General store in Sheridan, south of the wreck location, later that day.

17. The investigating state trooper obtained a driver/witness statement from Abraha, who acknowledged being at the wreck scene and being aware of the wreck.

18. A witness to the wreck, B. Anne Cameron, completed a driver/witness statement for the Arkansas State Police and wrote:

> I was traveling down 167 from Sheridan headed towards Little Rock. There was a white pickup truck, about 3 car lengths in front of me. At the Dollar General (right side of road) an 18-wheeler (with Dollar General emblems on it) pulls out covering all 4 lanes of highway. White pickup starts braking and the swerves to the right to miss the back of the 18 wheeler. Truck goes down in ditch (lack of better word), jumps back up onto highway and starts flipping over. Truck landed right side up and both people (a man and a young boy) come out of window (man). The young boy falls to the ground and remains until help comes. The 18 wheeler stopped on left hand side of road. Then left or something. I never seen the 18 wheeler after that.

19. The below photo shows Ned's pickup truck after the wreck:



### Count One: Negligence of Abraha

20. All allegations herein are incorporated in this count.

21. Abraha acted negligently in the following particulars:

   (a) Entering and blocking all lanes of the highway with his tractor-trailer, causing the wreck.

   (b) Driving or operating a vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas, in violation of Ark. Code Ann. § 27-51-104(a). *See also* AMI 901(A).

   (c) Making improper or unsafe lane changes on public roadways, in violation of Ark. Code Ann. § 27-51-104(b)(1).

   (d) Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6).

   (e) Operating a vehicle in any manner when the driver is inattentive and such inattention is not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8).

(f) Violating statutes, ordinances, or regulations governing driving, including without limitation those cited herein, applicable the Federal Motor Carrier Safety Regulations, and safety rules and regulations adopted by the Arkansas State Highway Commission. *See* AMI 903.

(g) Leaving the scene of an accident resulting in injury, in violation of Ark. Code Ann. § 27-53-101.

(h) Otherwise failing to act as a reasonably careful person under the circumstances.

22. Abraha's negligent acts and omissions were a cause of the wreck and all damages arising therefrom.

### Count Two: Vicarious Liability of Covenant Transport, Inc.

23. All allegations herein are incorporated in this count.

24. Abraha acted within the course and scope of his employment or agency with Covenant at the time of the wreck.

25. Covenant is therefore vicariously liable for Abraha's negligent acts and omissions.

26. Covenant is also vicariously liable for the negligent acts and omissions all other agents or employees of Covenant, if any, whose conduct contributed to cause the wreck.

### Count Three: Direct Negligence of Covenant Transport, Inc.

27. All allegations herein are incorporated in this count.

28. In addition to being vicariously liable for the acts and omissions of its agents and employees, Covenant is directly liable for its own acts and omissions.

29. The tractor-trailer driven by Abraha was a commercial motor vehicle engaged in interstate commerce under the definitions of "commercial motor vehicle" found in the Federal Motor Carrier Safety Regulations ("FMVSRs") at both 49 CFR § 383.5 and 49 CFR § 390.5.

5

30. Pursuant to a Report and Order of the Arkansas State Highway Commission entered on August 6, 1997, in Case No. R-144, the regulations found in 49 CFR Parts 383 thorough 399 of the FMVSRs were adopted and prescribed as the safety rules and regulations applicable to the interstate and intrastate operation of motor vehicles under the jurisdiction of the Arkansas State Highway Commission, and thus the FMCSRs also constitute state law.

31. Covenant had a duty to be knowledgeable of and comply with all state and federal laws and regulations, including but not limited to the FMCSRs, governing commercial motor vehicles and to require observance by Abraha and its other agents and employees of those laws and regulations.

32. Covenant acted negligently in the following particulars:

   (a) Failing to adequately test and ensure that Abraha was capable of safely operating and controlling the tractor-trailer and associated equipment that Covenant intended to assign to Abraha.

   (b) Failing to adequately inquire into Abraha's driving record, safety performance history, or employment record or to otherwise ensure that he was a safe driver of the tractor-trailer.

   (c) Failing to adequately train Abraha in the safe operation of the tractor-trailer.

   (d) Failing to adequately monitor and evaluate Abraha's job performance in the safe operation of the tractor-trailer.

   (e) Failing to use ordinary care in hiring, training, supervising, and retaining Abraha.

   (f) Otherwise failing to act as a reasonably careful person under the circumstances.

33. Covenant's negligent acts and omissions were a cause of the wreck and all damages arising therefrom.

## Damages

34. The negligent acts and omissions of the defendants described herein were actual and proximate causes of Ned's injuries and all other damages described herein.

35. The defendants caused Ned to sustain these damages, past and future:

   (a) Injuries.

   (b) Medical expenses.

   (c) Pain, suffering, and mental anguish.

   (d) Earnings, profits, salary and working time lost.

   (e) Loss of ability to earn.

   (f) Scars, disfigurement and visible results of injuries.

   (g) Property damage, damage to the pickup truck, loss of value to the pickup truck, and loss of use of the pickup truck.

36. The damages incurred by Ned are excess of the amount required for federal court jurisdiction in diversity of citizenship cases.

37. The defendants knew or ought to have known, in the light of the surrounding circumstances, that their conduct described herein would naturally and probably result in injury and damage, and they continued such conduct in reckless disregard of the consequences, from which malice may be inferred and for which punitive damages should be imposed to punish the defendants and to deter them and others from similar conduct.

38. "Punitive damages are recoverable at common law against an employer under a theory of respondeat superior even absent proof that the employer knew of the employee's conduct, authorized it, or ratified it." Comment to AMI 2218 (Punitive Damages) (citing *Miller v. Blanton*, 213 Ark. 246, 250-254 (1948)).

## Jury Trial

39.     The plaintiff requests a jury trial.

WHEREFORE, Ned Cauffiel prays for judgment, in excess of the amount required for federal court jurisdiction in diversity of citizenship cases, against the defendants for all damages suffered, punitive damages, costs, interest, attorney fees, and all other just relief.

Respectfully submitted,

McMATH WOODS P.A.
711 W. 3rd Street
Little Rock, AR 72201
Telephone: 501-396-5400
Facsimile: 501-374-5118

By: _____
Neil Chamberlin, AR Bar #93222
Email: neil@mcmathlaw.com
Will Bond, AR Bar #95145
Email: will@mcmathlaw.com

*Attorneys for Plaintiff*